## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DURONE JAMAL SANDERS,            Case No.

     Plaintiff,                         Hon.

v.

CITY OF DETROIT; a political
subdivision of the State of Michigan,
ROY HARRIS, Individually and in his
Official Capacity as a Detroit Police
Officer, WILLIAM MORRISON,
Individually and in his Official Capacity
as a Detroit Police Officer; JEFFERY
WAWRZYNIAK, Individually and in his
Official Capacity as a Detroit Police
Officer; BASHAWN GAINES,
Individually and in his Official Capacity
as a Detroit Police Officer; RYAN
PAUL, Individually and in his Official
Capacity as a Detroit Police Officer;
SADIE HOWELL, Individually and in
his Official Capacity as a Detroit Police
Officer;

     Defendants.

_____/

SOLOMON M. RADNER (P73653)
**EXCOLO LAW, PLLC**
Attorneys for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com

_____/

1

## <u>COMPLAINT</u>

NOW COMES Plaintiff, Durone Jamal Sanders ("Plaintiff"), by and through his attorneys, Excolo Law, PLLC and Solomon M. Radner, and respectfully alleges the following:

## <u>INTRODUCTION</u>

1.     This is a civil rights action against the City of Detroit, Sergeant Roy Harris ("Sergeant Harris"), and City of Detroit police officers William Morrison ("Officer Morrison"), Jeffrey Wawrzyniak ("Officer Wawrzyniak"), Bashawn Gaines ("Officer Gaines"), Ryan Paul ("Officer Paul"), Sadie Howell ("Officer Howell") (collectively the "Individual Defendants").

2.     Plaintiff commences this action pursuant to 42 U.S.C. § 1983 and Michigan law.

3.     Plaintiff brings this suit against the Individual Defendants in their individual capacities as well as in their official capacities as City of Detroit police officers.

## <u>JURISDICTION AND VENUE</u>

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367(a).

5.     Venue is appropriate in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) since the acts providing the legal basis for this complaint

occurred in Wayne County, Michigan.

## PARTIES

6.    At all relevant times, Plaintiff leased and resided at 8115 Woodlawn located in Detroit, Michigan.

7.    Plaintiff had a valid lease to occupy the above residence starting on or about July 8, 2016.

8.    The City of Detroit is a political subdivision of the State of Michigan acting under the color of state law and is considered a person under 42 U.S.C. § 1983.

9.    At all relevant times, the City of Detroit employed Sergeant Harris and police officers Morrison, Wawrzyniak, Gaines, Paul and Howellyoutube.

10.    At all relevant times, the Individual Defendants acted under the color of state law.

## FACTUAL BACKGROUND

11.    On July 11, 2016, at approximately 5:00 p.m., Plaintiff was at his residence with a friend, Sarrha Marie Herman.

12.    Plaintiff maintained four dogs at his residence with whom he had a strong emotional bond and affectionate relationship.

13.    At that time, Crew Code 2979 Major Violators Team #5 ("Crew Code 2979"), which was comprised of the Individual Defendants, arrived at

3

Plaintiff's residence on orders from Sergeant Harris.

14.     Plaintiff witnessed one of the Individual Defendants shoot his rifle through the residence's front door security gate, killing one of the pet dogs.

15.     The Individual Defendants proceeded to unlawfully search the residence.

16.     Upon concluding the search, the Individual Defendants issued Plaintiff an appearance ticket for unlawfully entering a home without permission and seized $205.00.

17.     Plaintiff had a valid lease to occupy the residence at the time of the above incident.

18.     Plaintiff's dogs were not vicious and did not pose an immediate threat to the Individual Defendants when they arrived at the residence.

19.     Plaintiff later learned that the Officer Morrison was the police officer who shot and killed his dog.

20.     On or about July 14, 2016, Plaintiff filed a Freedom of Information Act ("FOIA") request with the City of Detroit for all of the records relating to the above search and seizure.

21.     A true copy of the City of Detroit's response is produced herein and marked as Exhibit A. The response included copies of the execution of search warrant, the follow-up report, an activity log, a 24-hour information sheet, the

request for search warrant along with Officer Morrison's affidavit, the request for laboratory drug analysis, and the notice of seizure and intent to forfeit.

22. Officer Morrison's supporting affidavit, attached to the search warrant, indicated that the police conducted a controlled buy at Plaintiff's residence on July 4, 2016 and that Plaintiff sold marijuana to an undercover informant identified as "SOI #3003."

23. Officer Morrison also attested that he surveilled the residence on July 11, 2016, and observed two suspected drug buyers arrive at the residence independently of one another and leave shortly thereafter. Based upon his knowledge and experience, Officer Morrison observed that he "found [the] trips to the target location are consistent with suspected narcotics activity." (Ex. A, pg 12 – Aff. of Officer Morrison).

24. Officer Morrison never stopped, questioned, searched, or arrested the suspected buyers to determine if they had actually purchased marijuana from Plaintiff.

25. Additionally, the Individual Defendants used forced entry techniques to gain admittance to the residence without affording Plaintiff the opportunity to voluntarily open his front door.

26. However, police department records falsely state that Individual Defendants knocked on the front door and announced their presence before they

forced it open.

27.     The execution of warrant also indicates that Plaintiff's dog barked and obstructed the Individual Defendants' way of entry.   While Plaintiff witnessed his dog barking at the Individual Defendants, it never charged at them.

28.     Furthermore, contrary to police department records, the Individual Defendants never seized any marijuana from Plaintiff's residence.   This is apparent from the fact that the Individual Defendants did not arrest Plaintiff for distribution of a controlled substance.

29.     Finally, the Individual Defendants falsified police department records recounting the events surrounding the death of Plaintiff's dog and the subsequent search of Plaintiff's residence.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PLAINTIFF'S DOG)

### (Against Officer Morrison)

30.     Plaintiff incorporates the prior allegations by reference as though fully stated herein.

31.     The Fourth Amendment to the United States Constitution prohibits the government from unreasonably seizing or destroying a citizen's property.

32.     Federal courts "have consistently recognized that a law enforcement officer's killing of a pet dog constitutes a destruction of property

6

and therefore a seizure under the Fourth Amendment." *Bateman v. Driggett*, No. 11-13142, 2012 U.S. Dist. LEXIS 91221, at *18 (E.D. Mich. Jul. 2, 2012) (quoting *Dziekan v. Gaynor*, 376 F. Supp. 2d 267, 270 (D. Conn. 2005).

33.    The Fourth Amendment interests involved here are substantial, because the bond between a dog and its owner are strong and enduring.

34.    Here, Officer Morrison's conduct did not comport with the Fourth Amendment's reasonability requirement because Plaintiff's dog did not charge at him or the other Individual Defendants and he could have used alternative means of detaining or immobilizing the dog.

35.    Officer Morrison's actions were intentional, grossly negligent, and amounted to a deliberate indifference to Plaintiff's constitutional rights.

36.    As a direct and proximate result of Officer Morrison's unlawful conduct, Plaintiff suffers from physical injuries and mental anguish.

37.    Therefore, Plaintiff seeks: (1) compensatory and punitive damages and (2) attorney's fees.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C § 1983
## (FOURTH AMENDMENT – UNREASONABLE SEARCH AND SEIZURE
## OF PLAINTIFF'S RESIDENCE AND MONEY)

### (Against the Individual Defendants)

38.    Under the Fourth Amendment, the probable cause required to

obtain a valid search warrant is satisfied when "the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched." *Greene v. Reeves*, 80 F.3d 1101, 1106 (6th Cir. 1996) (internal quotation marks omitted).

39.     In this case, "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986).

40.     According to Officer Morrison's supporting affidavit, the police conducted a controlled buy at Plaintiff's residence on July 4, 2016 where Plaintiff allegedly sold marijuana to an undercover informant identified as "SOI # 3003."

41.     Officer Morrison also attested that he surveilled Plaintiff's residence on July 11, 2016, and observed two suspected drug buyers arrive at the residence independently of one another and leave shortly thereafter.   Officer Morrison never verified whether the suspected drug buyers actually purchased marijuana from Plaintiff.

42.     Neither of Officer Morrison's statements provide sufficient probable cause to support a valid search warrant because: (1) there is no discussion of the confidential informant's reliability and (2) there is no

information regarding whether the suspected drug buyers actually purchased marijuana from Plaintiff.

43.    As a result, the Individual Defendants did not have sufficient probable cause to enter Plaintiff's residence, search for drugs, and seize $205.00 in cash.

44.    Accordingly, Plaintiff seeks: (1) compensatory and punitive damages and (2) attorney's fees.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(MUNICIPAL LIABILITY)**

**(Against the City of Detroit)**

45.    Plaintiff incorporates the prior allegations by reference as though fully stated herein.

46.    A municipality is liable under 42 U.S.C. § 1983 if the municipality's policies and customs result in constitutional violations.

47.    The City of Detroit maintains inadequate policies and procedures governing the use of force necessary to immobilize pet dogs and other domesticated animals during the execution of search and arrest warrants. Specifically, the City of Detroit has no policy in place that instructs police officers concerning the appropriate protocol for detaining or immobilizing pet

dogs while effectuating searches, seizures, and arrests.

48.     In addition, the City of Detroit has failed to train its officers regarding the use of force necessary to detain or immobilize pet dogs and other domesticated animals during the execution of search and arrest warrants.

49.     The City of Detroit's inadequate policies and procedures, along with its failure to train its police officers, constitutes a deliberate indifference to the unreasonable killing of Plaintiff's dog.

50.     The City of Detroit also maintains policies, practices, and customs that condone and foster the Individual Defendants' unconstitutional conduct, including the shooting of pet dogs while effectuating search and arrest warrants when there is no imminent risk of attack.

51.     Furthermore, the City of Detroit failed to discipline its officers, including the Individual Defendants, by implementing and enforcing document retention policies for storing police activity logs and incident reports involving the shooting or killing of pet dogs.  The absence of such policies prevent any form of meaningful review of historical use of force incidents against pet dogs and other domesticated animals for supervision, discipline, and training purposes.  The absence of such policies also foster an atmosphere where the City of Detroit's police officers consistently use deadly force against pet dogs and other domesticated animals because they know such conduct will ultimately go

unrecorded and undetected.

52.     As a direct and proximate result of the City of Detroit's failure to implement proper policies, customs, and practices, Plaintiff suffered physical injuries, mental anguish, and suffering.

53.     Accordingly, plaintiff seeks: (1) compensatory and punitive damages and (2) attorney's fees.

**COUNT IV**
**CONVERSION (STATE LAW – COMMON LAW AND STATUTORY)**

**(Against the Individual Defendants)**

54.     Plaintiff incorporates the prior allegations by reference as though fully stated herein.

55.     Under Michigan common law "conversion is a distinct act of dominion wrongfully exerted over another's personal property." *Rohe Scientific Corp. v. National Bank of Detroit*, 133 Mich. App. 462, 468 (1984).

56.     Pursuant to Mich. Comp. Laws § 600.2919a, individuals who are damaged by "[a]nother person's stealing or embezzling property or converting property to the other person's own use" may recover treble damages along with costs and reasonable attorney's fees.

57.     Officer Morrison wrongfully exerted a distinct act of dominion over Plaintiff's dog when he killed the animal.

58.    Additionally, the Individual Defendant's wrongfully exerted a distinct act of dominion over Plaintiff's money when they seized $205.00 from him without sufficient legal justification.

59.    Therefore, Plaintiff seeks: (1) compensatory and punitive damages; (2) the refund of $205.00; (3) treble damages pursuant to Mich. Comp. Laws § 600.2919a; and (4) attorney's fees.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (STATE LAW)

### (Against Officer Morrison)

60.    Plaintiff incorporates the prior allegations by reference as though fully stated herein.

61.    The elements of an intentional infliction of emotional distress claim are: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.

62.    Officer Morrison engaged in extreme and outrageous conduct when he intentionally shot Plaintiff's dog without adequate justification.

63.    Officer Morrison's conduct caused severe emotional distress so severe that no reasonable person could be expected to endure it, including without limitation, severe horror, grief, and anger over the loss of a pet dog.

64.    Consequently, Plaintiff seeks: (1) compensatory and punitive

damages and (2) costs and attorney's fees.

## RELIEF REQUESTED

In view of the foregoing, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount determined by a jury;

B. Award punitive damages in an amount determined by a jury;

C. Award reasonable attorney's fees and the costs and disbursements of this action; and

D. Grant such other relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 2, 2017

Respectfully submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)
Attorneys for Plaintiffs
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com